After a jury-waived trial, a District Court judge found the defendant guilty of driving under the influence of marijuana (OUI-marijuana) (count one).[2] During the course of the trial, the defendant preserved two claims of error on which there since have been significant developments in the case law. See Commonwealth v. Gerhardt, 477 Mass. 775 (2017). We agree with the defendant that he is entitled to a new trial on count one based on Gerhardt. However, he is not entitled to a judgment of acquittal.
Background. The arresting officer was the sole witness for the Commonwealth. He testified that he observed the defendant's car "traveling directly in the middle of the two solid yellow [traffic] lines," after which he turned into a hospital parking lot. The defendant was driving. When the defendant rolled down his window, the officer saw smoke "billowing" out of the car and smelled the odor of freshly burnt marijuana. According to the officer, the defendant's eyes were "bloodshot and glassy," and he exhibited a "carefree, laid back demeanor" that was unusual for a traffic stop. The officer asked the defendant if he had been smoking marijuana, and the defendant acknowledged that he had.[3]
The officer then recounted that he had the defendant perform a number of what the officer referred to as "field sobriety tests" (FSTs) and that the defendant performed poorly on such "tests." For example, the officer testified that while performing the "nine step walk and turn test," the defendant "started too soon, made an improper turn and fell offline twice on the nine steps back." Over the defendant's objection, the officer also testified that, in his lay opinion, consumption of marijuana had the following effects on the human body: "bloodshot, glassy eyes, the carefree demeanor, extreme hunger, laugh, giggles." In addition, the officer testified that based on the defendant's exhibiting such characteristics and the defendant's performance on the FSTs, he had formed the opinion that the defendant "was under the influence of marijuana."
In convicting the defendant, the judge made no written findings. He did, however, offer the following comments from the bench:
"Based on the evidence, and the interesting kind of case, but -- and issues that I have said earlier we'll take up the next several years.
"But based on the balance and coordination test, the Court does find sufficient evidence for a finding of guilty on both the OUI drugs and the license suspension."
Discussion. Reliance on the FSTs. The evidence regarding the FSTs was admitted without objection. Nevertheless, the defendant argued forcefully that the judge should not take the FSTs into account, or that he should "discount" their value, because the extent to which such "tests" reliably could be used to measure marijuana intoxication was unresolved. In so arguing, the defendant repeatedly cited to Gerhardt, which was then pending in the Supreme Judicial Court. The court issued its opinion in Gerhardt three months after the defendant's conviction, so the trial judge did not have the benefit of that decision.
In Gerhardt, the court held that a fact finder could consider the observations that police made during the administration of such "tests." Id. at 783-784. At the same time, given the lack of scientific correlation between performance on FSTs and impairment from marijuana, the court laid down certain limitations on the use of such evidence. Id. For example, the court determined that "a witness testifying to the performance of FSTs in the context of marijuana intoxication should refer to a driver's performance on 'roadside assessments,' so as not to suggest that they function as scientific validation of a defendant's sobriety or intoxication."[4] Id. at 785. In addition, the court stated that "the fact that FSTs cannot be treated as scientific 'tests' of impairment means that evidence of performance on FSTs, alone, is not sufficient to support a finding that a defendant's ability to drive safely was impaired due to the consumption of marijuana, and the jury must be so instructed." Id.
Relying on the judge's comment that he convicted the defendant "based on the balance and coordination test," the defendant maintains that the judge found that the defendant's performance on that FST was the only credible evidence of intoxication. Therefore, the defendant continues, under one of the rules established by Gerhardt, he is entitled to a judgment of acquittal. We are unpersuaded. Gerhardt established that the judge properly could have taken into account the defendant's performance on the balance and coordination roadside assessment. Id. at 783. Moreover, as is evident from the recitation of the evidence laid out above, the defendant's performance on the FSTs was not the sole evidence potentially supporting his guilt. We do not view the judge's informal comment as stating that he had found no other credible evidence of the defendant's guilt; at most, the comment signals that the judge considered the defendant's performance on the "balance and coordination test" to be an important piece of evidence that may have tipped the scales for him. The defendant is not entitled to a judgment of acquittal.
Nonetheless, based on at least three factors, we lack confidence that the judge correctly instructed himself regarding what use properly could be made of FSTs in the context of this case. See Commonwealth v. Kerns, 449 Mass. 641, 650 n.13 (2007) (presumption that judge correctly instructed himself on the law in a bench trial applies only "absent contrary indication"). First, the judge did not have the benefit of Gerhardt (which addressed an unresolved legal issue). Second, the judge himself referred to the relevant FST as a "test," including it in the very sentence in which he explained why he had found the defendant guilty. Third, in his discussions with the lawyers about the developing case law on marijuana, the judge expressed at least some skepticism about the defendant's arguments that different rules should apply to an OUI involving marijuana than one involving alcohol.
Nor do we have any confidence that any misinstruction on the law had no or little effect. See Commonwealth v. Santos, 460 Mass. 128, 137-138 (2011), quoting Commonwealth v. Peruzzi, 15 Mass. App. Ct. 437, 445 (1983) ("An error is nonprejudicial only if it 'did not influence the [fact finder], or had but very slight effect .... But if one cannot say, with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error, it is impossible to conclude that substantial rights were not affected' "). Although we disagree with the defendant that the judge's comment from the bench necessarily showed that he found the balance and coordination "test" to be the only credible evidence of intoxication, it does appear to indicate that he placed significant reliance on the defendant's performance on that "test."
Moreover, the publication of Gerhardt reveals that the judge erred in overruling the defendant's objections to the officer giving his lay opinion that marijuana had certain effects on the body, and that the defendant was under the influence of marijuana. See Gerhardt, 477 Mass. at 785-786. We cannot say that such opinion testimony had little impact on the judge's guilty finding, and plainly the combination of the two errors entitles the defendant to a new trial on that conviction.
Conclusion. The judgment on count one is vacated, and the finding of guilty on that count is set aside.
So ordered.
vacated

The defendant was also convicted of driving with a suspended license (count two); that matter was placed on file for one month, and is not before us. He was separately charged with a civil lane violation (count three). The judge does not actually appear to have expressed his views on that violation, but when the clerk stated the finding on that claim was "not responsible," the judge did not correct that statement. In any event, a finding of not responsible for the lane violation was entered on the docket, and we will assume for purposes of our analysis that the judge found the defendant not responsible for it.

Testifying in his defense, the defendant denied having smoked marijuana or having admitted this to the officer. According to the defendant, it was a passenger only who had smoked marijuana in the car. Of course, the judge did not have to credit the defendant's testimony.

The court further explained that an officer cannot say whether the defendant "pass[ed]" or "fail[ed]" the FSTs, or indicate whether a defendant's performance on the FSTs "indicated impairment." Id. at 776.